IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-HC-2081-BO

| | |
|---|---|
| KUANG BAO OU-YOUNG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| FEDERAL MEDICAL CENTER IN ) | |
| BUNTER, NORTH CAROLINA, et. al, ) | |
| ) | |
| Respondents. ) | |
| ) | |

Petitioner Kuang Bao Ou-Young ("petitioner") petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court for an initial review pursuant to 28 U.S.C. § 2243.

On May 2, 2017, plaintiff was charged with two counts of assaulting, resisting, or impeding officers in violation of 18 U.S.C. § 111. United States v. Ou-Young, No. 3:17-cr-00263 (N.D. Cal. May. 2, 2017). At the initial status conference on June 7, 2017, petitioner's defense counsel and the government jointly requested a competency evaluation for petitioner, which was granted. See id. (Feb. 28, 2018). "Subsequently, following a competency hearing conducted pursuant to [18 U.S.C.] § 4247 on December 13, 2017, the Court found Ou-Young is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense. . . . and, consequently, ordered Ou-Young committed to a medical facility to determine whether there is a substantial probability . . . the defendant will attain the capacity to

permit the proceedings to go forward[.]" Id. (internal quotations omitted). On June 26, 2018, the California district court ordered petitioner's commitment to the custody of the Attorney General "for purposes of psychiatric and/or psychological examination to determine and certify pursuant to 18 U.S.C. § 4246(a)[.]" Id. (June 26, 2018).

## DISCUSSION

A habeas corpus application allows a petitioner to challenge the fact, length, or conditions of custody and seek immediate release. See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 484–85 (1973). Civil committees may file a habeas corpus petition pursuant to § 2241. See 28 U.S.C. § 2241; United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995). However, a civil committee must exhaust all available remedies before pursuing relief under § 2241. Timms v. Johns, 627 F.3d 525, 533 (4th Cir. 2010); Bussie v. United States, No. 5:15-HC-2149-FL, 2015 WL 12910636, at *2 (E.D.N.C. Nov. 3, 2015); Meyers v. United States, No. 3:08CV10, 2008 WL 4265167, at *1 (E.D. Va. Sept. 12, 2008).

Here, the California district court is in the process of determining petitioner competency to stand trial. See United States v. Ou-Young, No. 3:17-cr-00263 (N.D. Cal. June 26, 2018). Because petitioner is in the process of exhausting his available remedies, the instant § 2241 petition is premature. See Timms, 627 F.3d at 533; see also, Green v. United States, No. 5:11-HC-2254-D, 2012 WL 2367390, at *1 (E.D.N.C. June 21, 2012) (dismissing detainee's habeas petition filed pursuant to § 2241 for failure to exhaust). Thus, the court DISMISSES the petition without prejudice. See Timms, 627 F.3d at 533.

## CONCLUSION

In summary, the court DISMISSES this action without prejudice so that petitioner may exhaust his available remedies. The clerk is DIRECTED to close this case.

SO ORDERED, this the 17 day of September, 2018.

*[signature]*
TERRENCE W. BOYLE
United States District Judge